UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DALE W.,

      Plaintiff,

   vs.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

No. 1:17-CV-3062-LRS

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,** *INTER ALIA*

**BEFORE THE COURT** are the Plaintiff's Motion For Summary Judgment (ECF No. 13) and the Defendant's Motion For Summary Judgment (ECF No. 20).

## JURISDICTION

Dale W., Plaintiff, applied for Title II Disability Insurance benefits (DIB) and Title XVI Supplemental Security Income benefits (SSI) on November 4, 2013. The applications were denied initially and on reconsideration. Plaintiff timely requested a hearing which was held on July 13, 2015 before Administrative Law Judge (ALJ) Tom L. Morris. Plaintiff testified at the hearing, as did Vocational Expert (VE) Trevor Duncan. On September 25, 2015, the ALJ issued a decision finding the Plaintiff disabled beginning May 1, 2015. The Appeals Council denied a request for review of the ALJ's decision, making that decision the Commissioner's final decision

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 1**

subject to judicial review. The Commissioner's final decision is appealable to district court pursuant to 42 U.S.C. §405(g) and §1383(c)(3).

## STATEMENT OF FACTS

The facts have been presented in the administrative transcript, the ALJ's decision, the Plaintiff's and Defendant's briefs, and will only be summarized here. At the time of the administrative hearing, Plaintiff was 62 years old. He has past relevant work experience as a product demonstrator, wire puller, lubrication services manager, retail manager, retail sales clerk, yard laborer and truck driver. Plaintiff alleges disability since June 8, 2013, on which date he was 60 years old.

## STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence...." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Beane v. Richardson*, 457 F.2d 758, 759 (9th Cir. 1972); *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

1989); *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir. 1982).

It is the role of the trier of fact, not this court to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

A decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

## ISSUES

Plaintiff argues the ALJ erred in: 1) evaluating the medical opinions of record prior to May 1, 2015; 2) discounting Plaintiff's credibility prior to May 1, 2015; 3) finding that Plaintiff's depression was not a "severe" impairment prior to May 1, 2015; and 4) failing to consult a medical expert to determine the onset disability date.

## DISCUSSION
**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 3**

is not only unable to do her previous work but cannot, considering her age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. *Id*.

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287 (1987). Step one determines if she is engaged in substantial gainful activities. If she is, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i). If she is not, the decision-maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii) and 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpart P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step which determines whether the impairment prevents the claimant from performing work she has performed in the past. If the claimant is able to perform her previous work, she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv). If the claimant cannot perform this work, the fifth and final step in the process determines whether she is able to perform other work in the national economy in view of her age, education and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and 416.920(a)(4)(v).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 4**

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ALJ'S FINDINGS**

The ALJ found the following: 1) Plaintiff has "severe" medical impairments, those being lumbar degenerative disc disease and essential hypertension; 2) Plaintiff's impairments do not meet or equal any of the impairments listed in 20 C.F.R. § 404 Subpart P, App. 1; 3) Prior to May 1, 2015, Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with the ability to frequently crouch, kneel and crawl; occasionally climb ramps, stairs, ladders, ropes and scaffolds, and balance and stoop; and needing to avoid concentrated exposure to fumes, odors, dusts, gases, and poor exposure, as well as concentrated exposure to extreme cold, wetness, humidity, vibration and hazards; 4) Beginning on May 1, 2015, Plaintiff's RFC further required him to periodically alternate sitting with standing for 2-3 minutes; 5) Prior to May 1, 2015, Plaintiff was capable of performing his past relevant work as a product demonstrator, lubrication services manager, retail manager and retail sales clerk; 6) Beginning May 1, 2015, the Plaintiffs's RFC precluded him from performing any of his past relevant work; and 7) Considering Plaintiff's age, education and work experience, Medical-Vocational

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 5**

Rule 202.06 directed a finding of "disabled" even if Plaintiff had the RFC to perform the full range of light work. Accordingly, the ALJ concluded the Plaintiff was not disabled prior to May 1, 2015, but that he was disabled beginning May 1, 2015.

**MEDICAL OPINIONS/SYMPTOM TESTIMONY**

It is settled law in the Ninth Circuit that in a disability proceeding, the opinion of a licensed treating or examining physician or psychologist is given special weight because of his/her familiarity with the claimant and his/her condition. If the treating or examining physician's or psychologist's opinion is not contradicted, it can be rejected only for clear and convincing reasons. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if specific, legitimate reasons that are supported by substantial evidence are given. *Id.* "[W]hen evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The opinion of a non-examining medical advisor/expert need not be discounted and may serve as substantial evidence when it is supported by other evidence in the record and consistent with the other evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

In his decision, the ALJ noted as follows:

> While the claimant experiences some back problems, imaging of the claimant's lumbar spine shows no significant progression of the disease. For in June 2012, a lumbar MRI show mild canal stenosis at L1-2 (sic), mild to moderate central canal stenosis at L4-5, and moderate stenosis at L5-S1 (1F19). A lumbar MRI in October 2013 was unchanged (1F6). The claimant's lumbar MRI from May 2014 showed no change in degenerative disc disease. [7F2].

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 6**

(AR at p. 17).

While the ALJ correctly summarized the results of the June 2012 MRI, there was no October 2013 MRI and what the ALJ cited to at "1F6" was also the June 2012 MRI which is found at both "1F6" (AR at p. 312), "1F19" (AR at p. 325), and "1F28" (AR at p. 334).

Plaintiff saw Jeremiah Crank, M.D., at Yakima Neighborhood Health Services, on October 9, 2013. Dr. Crank completed a Washington Department of Social Health Services (DSHS) "Physical Functional Evaluation" form in October 2013, in which he opined that Plaintiff's back condition was of "marked" severity in that it significantly interfered with his abilities to sit, stand, walk, lift, carry, handle, push, pull, reach, stoop and crouch. (AR at p. 308). He also opined that Plaintiff was limited to "sedentary" work in that he could not lift more than 10 pounds and could walk or stand for only brief periods. (AR at p. 309). Dr. Crank elaborated upon this in a narrative report from the same date (October 9, 2013). (AR at pp. 313-16).

J. Dalton, M.D., reviewed the medical evidence for DSHS on October 29, 2013, and based on Dr. Crank's report dated October 9, 2013, concluded Plaintiff's "pain and limited back motion" was supported by medical evidence, and that the severity and functional limitations assigned by Dr. Crank were consistent with the medical evidence. (AR at p. 444).

Plaintiff was eventually referred by Dr. Crank to Matthew Fewel, M.D., a neurosurgeon at Kadlec Medical Center, in August 2014. Plaintiff advised he had not gotten any relief from physical therapy. (AR at p. 454). Dr. Fewel then referred the Plaintiff to Lisa Miller, ARNP, who saw Plaintiff in September 2014. She wrote:

> In summary, this is a 61 year old gentleman who has low back pain with bilateral L5-S1 radicular symptoms. His lumbar MRI in 2012 showed degenerative disk and facet

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 7**

> hypertrophy combined causing moderate foraminal narrowing and central stenosis at L4-5 and L5-S1. He did update his MRI on 5-27-14[,] however I do not have the images to review. The report indicated no significant changes. At this time we will request his new MRI images. His symptoms are most likely due to the foraminal stenosis and central stenosis noted above. He has tried multiple conservative measures. He is afraid of needles and is wary of an injection. He would be a candidate for a lumbar epidural steroid injection. Probably plan on a caudal with catheter lumbar epidural steroid injection targeting right and left L5 and S1 nerve roots under fluoroscopic guidance. Patient will call our office if he wishes to proceed.

(AR at p. 461).

In November 2014, Dr. Fewel finally received the 2014 MRI images. He stated there was "[v]ery little if any change from 2012, DDD at L5-1 with facet arthropathy and moderate lateral recess stenosis L4-5." (AR at p. 632). In May 2015, the Plaintiff reported worsening axial back pain in the last six months and now a willingness on his part to have an epidural steroid injection. (AR at p. 644). A physician's assistant, Megan Bellman, PA-C, reviewed the May 2014 lumbar MRI with Dr. Fewel and reported: "Congenital narrowing throughout due to short pedicles. Moderate LR-5 and 5-S1 stenosis with bilateral foraminal narrowing at these levels. Disc degeneration and facet arthropathy seen. No significant change from 2012." (AR at p. 646).

The ALJ gave "significant weight" to the opinions of two non-examining physicians, Robert Hander, M.D., and Robert Hoskins, M.D., dated January 9, 2014 and March 7, 2014 respectively. These two physicians reviewed the record and opined that Plaintiff essentially had the exertional capacity for light work. (AR at pp. 85-91; 96-103). The ALJ gave "little weight" the Dr. Crank's opinion because of the opinions of Drs. Hander and Hoskins, and because the Plaintiff's condition had remained stable since 2012; he had maintained normal strength in the lower

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 8**

extremities; and his gait, as well as tandem walking, were intact. (AR at p. 18). For essentially the same reasons, the ALJ found the Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible prior to May 1, 2015." (AR at p. 17). Beginning May 1, 2015, however, the ALJ found the Plaintiff's allegations regarding his symptoms and limitations were "generally credible:"

> Previously, the [Plaintiff] had tried only conservative treatment but the [Plaintiff] began considering more serious measures such as an epidural steroid injection in the lumbar spine. [Citation omitted]. As such, the [Plaintiff's] pain complaints are more credible and support his testimony that he has to change positions when sitting.

(AR at p. 18).

At the hearing, Plaintiff testified he could sit for about 20 minutes before he experiences pain in his right pelvis and his leg goes numb. (AR at p. 39). He stated that makes it necessary for him to get up and walk around for a few minutes. (*Id.*). Plaintiff testified it is necessary for him to lie down two times day for between 35 and 45 minutes in order to relieve pain. (AR at p. 40).

Where, as here, the Plaintiff has produced objective medical evidence of an underlying impairment that could reasonably give rise to some degree of the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ's reasons for rejecting the Plaintiff's testimony must be clear and convincing. *Garrison v. Colvin*, 759 F.3d 95, 1014 (9th Cir. 2014); *Burrell v. Colvin,* 775 F.3d 1133, 1137 (9th Cir. 2014). If an ALJ finds a claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir.2002).

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 9**

Among other things, the ALJ may consider: 1) the claimant's reputation for truthfulness; 2) inconsistencies in the claimant's testimony or between her testimony and her conduct; 3) the claimant's daily living activities; 4) the claimant's work record; and 5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Id*. Subjective testimony cannot be rejected solely because it is not corroborated by objective medical findings, but medical evidence is a relevant factor in determining the severity of a claimant's impairments. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

It is not a "clear and convincing" reason to discount Plaintiff's symptom testimony prior to May 1, 2015, because it was only after that date he considered "more serious measures such as an epidural steroid injection in the spine." Indeed, the fact Plaintiff eventually was willing to consider more serious measures indicates his symptoms were worsening prior to May 1, 2015. As noted above, in May 2015, the Plaintiff reported worsening axial back pain in the last six months. Contrary to the Commissioner's position, the medical evidence does not show a clear "demarcation of worsening" and certainly not May 1, 2015 as a demarcation date.

Engaging in physical therapy, a conservative form of treatment, reveals little about the level of Plaintiff's pain at that time and the extent of his functional limitations. During the month of December 2013, Plaintiff had several therapy sessions at Central Washington Physical Therapy. (AR at pp. 508-525). While Plaintiff reported some improvement of his symptoms while he was in therapy (decrease from 62% functional deficit at initial visit on December 5 to 54% deficit at December 17 visit), by the time of his final visit on December 31, he was back to a 62% functional deficit. (AR at p. 508).

According to the ALJ in his written decision:

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 10**

> The [Plaintiff] said he could only walk 125 feet before kneeling over to relieve pain but yet he also testified that he recently walking (sic) 4 blocks and did not mention anything about having to take breaks. This appears inconsistent with his testimony of extreme difficulties walking.

(AR at p. 17). Use of the word "appears" suggests uncertainty and Plaintiff's hearing testimony confirms the same. Plaintiff was asked whether he was getting any exercise and testified that he tried to last Saturday. He walked two blocks to a nearby school, decided he was not going to walk around the school perimeter, and then walked home. Plaintiff was not asked about whether he needed to take any breaks. (AR at pp. 61-63). This is not a "clear and convincing" reason to discount Plaintiff's testimony about his physical limitations.

What remains then is the ALJ's citations to the record indicating that while Plaintiff "had some reduced lumbar range of motion," he "maintained full range of motion of the extremities," he "did not have motor weakness or sensation deficit in the lower extremities," his "balance and gait were intact," his "[h]eel, toe, and tandem walking are normal," and "[w]hile at times straight leg has been positive, reports also indicate it is negative." (AR at p. 17). As noted above, subjective testimony cannot be rejected solely because it is not corroborated by objective medical findings. *Rollins*, 261 F.3d at 857. The ALJ's finding that Plaintiff was disabled starting May 1, 2015, was not based on particular objective findings indicating a worsening of the severity of Plaintiff's back condition, but only on the fact that Plaintiff had decided to go ahead with epidural steroid injections. As discussed above, that decision is not a "clear and convincing" reason to discount Plaintiff's symptom testimony for the period before May 1, 2015.[1] None of the examining medical professionals at Kadlec

---

[1] The ALJ did not cite Plaintiff's daily living activities as a reason for

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 11**

Medical Center suggested Plaintiff's limitations were not as great as opined by Dr. Crank, nor did they suggest the Plaintiff's symptoms could not have worsened despite the lack of significant change between the 2012 MRI and the 2014 MRI.

The ALJ did not provide "clear and convincing" reasons for discounting Plaintiff's symptom testimony and in turn, did not provide specific and legitimate reasons for giving less weight to the opinion of Dr. Crank as compared to the opinions of the two non-examining physicians, Drs. Hander and Hoskins.

**REMAND**

Social security cases are subject to the ordinary remand rule which is that when "the record before the agency does not support the agency action, . . . the agency has not considered all the relevant factors, or . . . the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Treichler v. Commissioner of Social Security Administration*, 775 F.3d 1090, 1099 (9th Cir. 2014), quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S.Ct. 1598 (1985).

In "rare circumstances," the court may reverse and remand for an immediate award of benefits instead of for additional proceedings. *Id.*, citing 42 U.S.C. §405(g).

---

discounting his symptom testimony and therefore, the court cannot consider the Commissioner's arguments in that regard in the response brief. (ECF No. 20 at pp. 7-8). The ALJ may not be affirmed on a ground on which he did not rely. *Garrison*, 759 F.3d at 1010.

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 12**

Three elements must be satisfied in order to justify such a remand. The first element is whether the "ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Id.* at 1100, quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). If the ALJ has so erred, the second element is whether there are "outstanding issues that must be resolved before a determination of disability can be made," and whether further administrative proceedings would be useful. *Id.* at 1101, quoting *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004). "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id*. Finally, if it is concluded that no outstanding issues remain and further proceedings would not be useful, the court may find the relevant testimony credible as a matter of law and then determine whether the record, taken as a whole, leaves "not the slightest uncertainty as to the outcome of [the] proceedings." *Id.*, quoting *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n. 6 (1969). Where all three elements are satisfied- ALJ has failed to provide legally sufficient reasons for rejecting evidence, there are no outstanding issues that must be resolved, and there is no question the claimant is disabled- the court has discretion to depart from the ordinary remand rule and remand for an immediate award of benefits. *Id*. But even when those "rare circumstances" exist, "[t]he decision whether to remand a case for additional evidence or simply to award benefits is in [the court's] discretion." *Id*. at 1102, quoting *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989).

Here, the three elements are satisfied. The ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; no outstanding issues remain to be resolved before a determination of disability onset can be made; further administrative proceedings would not be useful;

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 13**

and the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceedings.

Dr. Crank's opinion was rendered in early October 2013, a mere four months after Plaintiff's 60th birthday on June 8, 2013. There is nothing in the record suggesting Dr. Crank would have opined anything different had his opinion been rendered in June 2013. A remand to determine an onset date is simply not warranted. Accordingly, in accord with Medical-Vocational Rule 201.06 (Plaintiff limited to sedentary work as opined by Dr. Crank, instead of light work), Plaintiff was disabled as of June 8, 2013.[2]

## CONCLUSION

Plaintiff's Motion For Summary Judgment (ECF No. 13) is **GRANTED** and Defendant's Motion For Summary Judgment (ECF No. 20) is **DENIED**. The Commissioner's decision is **REVERSED**. Pursuant to sentence four of 42 U.S.C. §405(g) and § 1383(c)(3), this matter is **REMANDED** to the Commissioner for an award of disability benefits based on an onset date of June 8, 2013, instead of May 1, 2015. An application for attorney fees may be filed by separate motion.

//
//
//
//
//

---

[2] It is unnecessary to consider whether the ALJ erred in not finding Plaintiff to have a "severe" mental impairment.

**IT IS SO ORDERED.** The District Executive shall enter judgment accordingly, forward copies of the judgment and this order to counsel of record, and **close the case**.

**DATED** this __15th__ day of August, 2018.

>  *s/Lonny R. Suko*
> LONNY R. SUKO
> Senior United States District Judge

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 15**